# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY GOMEZ,<br><br>        Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>        Respondent. | Case No. 1:20-cv-00346-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>RESPONSE DUE IN THIRTY DAYS<br><br>ECF No. 1<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>ECF No. 6 |

      Petitioner Leroy Gomez, a state pretrial detainee without counsel, petitioned for a writ of mandamus under 28 U.S.C. § 1651.[1] ECF No. 1. Petitioner seeks an order directing the Superior Court of Kern County to review his claim of vindictive prosecution against the prosecutor at his preliminary hearing. ECF No. 1 at 1-2.

      Under 28 U.S.C. § 1651, federal courts may issue writs "in aid of their respective jurisdictions." This court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or

---

[1] Although petitioner does not identify the federal statute under which he seeks relief, we will construe his filing as a petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, in light of the relief he seeks.

1

employee of the United States or any agency thereof to perform a duty." 28 U.S.C. § 1361. Absent certain rare exceptions, a federal court cannot issue a writ of mandamus commanding action by a state or its agencies. *See, e.g.*, *Demos v. U.S. Dist. Court for Eastern Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991) (explaining that "to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"). Here, the petitioner seeks to compel a trial judge of a California state court to review his vindictive prosecution claim. Because petitioner does not seek an order compelling action on the part of the United States or any federal agency, this court lacks jurisdiction over his petition. Therefore, we will order petitioner to show cause why his petition should not be dismissed.

Petitioner also seeks the appointment of counsel under 28 U.S.C. § 1915(e)(1). ECF No. 6. Petitioner has no Sixth Amendment right to counsel in this civil proceeding. *See Martinez v. Court of Appeal*, 528 U.S. 152, 159-60 (2000) ("The Sixth Amendment identifies the basic rights that the accused shall enjoy in 'all criminal prosecutions'[; t]hey are presented strictly as rights that are available in preparation for trial and at the trial itself."). Although the court lacks the authority to require an attorney to represent petitioner, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989), the court may request the voluntary assistance of counsel, *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the petition are not exceptionally complicated and it is not apparent that petitioner is unable to articulate his claims adequately. Further, petitioner has

not demonstrated that he is likely to succeed on the merits of his claim. Therefore, we deny petitioner's request for the appointment of counsel.

**Order**

Within thirty days of the date of service of this order, petitioner is ordered to show cause why his petition should not be dismissed for lack of jurisdiction. ECF No. 1. Petitioner's request for the appointment of counsel is denied. ECF No. 6

IT IS SO ORDERED.

Dated: April 7, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.