UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY GOMEZ, | Case No. 1:20-cv-00346-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION |
| v. | |
| UNKNOWN, | OBJECTIONS DUE IN FOURTEEN DAYS |
| Respondent. | ECF No. 1 |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Leroy Gomez, a state pretrial detainee without counsel, petitioned for a writ of mandamus under 28 U.S.C. § 1651.[1] ECF No. 1. Petitioner seeks an order directing the Superior Court of Kern County to review his claim of vindictive prosecution against the prosecutor at his preliminary hearing. ECF No. 1 at 1-2. On April 7, 2020, we ordered petitioner to show cause within thirty days why his petition should not be dismissed for lack of jurisdiction. ECF No. 8. More than thirty days have passed, and petitioner has not responded to our order. We recommend that the petition be dismissed for lack of jurisdiction.

---

[1] Although petitioner does not identify the federal statute under which he seeks relief, considering the form of relief he seeks, we will construe his filing as a petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651.

1

**Discussion**

Under 28 U.S.C. § 1651, federal courts may issue writs "in aid of their respective jurisdictions." This court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty." 28 U.S.C. § 1361. Absent certain rare exceptions, a federal court cannot issue a writ of mandamus commanding action by a state or its agencies. *See, e.g.*, *Demos v. U.S. Dist. Court for Eastern Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991) (explaining that "to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"). Here, the petitioner seeks to compel a trial judge of a California state court to review his vindictive prosecution claim. Because petitioner does not seek an order compelling action on the part of the United States or any federal agency, this court lacks jurisdiction over his petition. Therefore, we recommend that his petition be dismissed.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the Court decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court dismiss the petition for lack of jurisdiction and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   May 18, 2020                                    _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 206.